IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00441-BNB

JAMES SARDAKOWSKI,

Applicant,

v.

SUSAN JONES,

Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, James Sardakowski, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Sardakowski has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he apparently challenges the validity of an Adams County District Court conviction and sentence. The court must construe the application liberally because Mr. Sardakowski is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sardakowski will be ordered to file an amended application.

The court has reviewed the application and finds that it is deficient because Mr. Sardakowski appears to be challenging the validity of a state court conviction and sentence rather than the execution of his sentence. As a result, the claims he is raising

in this action properly are asserted pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, Mr. Sardakowski will be ordered to file an amended application on the proper form if he wishes to pursue his claims in this action.

In addition to filing an amended application on the proper form, Mr. Sardakowski is advised that he must assert his claims clearly and he must allege specific facts in support of each asserted claim. Mr. Sardakowski also is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Sardakowski must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." The court notes that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Sardakowski file **within thirty (30) days from the date of this order** an amended pleading on the proper form that clarifies the constitutional claims he is asserting and that sets forth specific facts in support of each asserted claim It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sardakowski, together with a copy of this order, two copies of the following form: Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Sardakowski fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.

DATED March 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00441-BNB

James R. Sardakowski
Prisoner No. 133162
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 3/3/10 .

                                               GREGORY C. LANGHAM, CLERK

                                       By: _____
                                                    Deputy Clerk