IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00441-BNB

JAMES R. SARDAKOWSKI,

Applicant,

v.

WARDEN SUSSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, James R. Sardakowski, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Sardakowski initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he appeared to be challenging the validity of a state court criminal conviction and sentence. Therefore, on March 3, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Sardakowski to file an amended pleading using the Court's 28 U.S.C. § 2254 habeas corpus form and to clarify the claims he is raising in this action. On March 29, 2010, Mr. Sardakowski filed an amended habeas corpus application pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction and sentence in Adams County District Court case number 04CR3051. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Sardakowski previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction

and sentence. *See Sardakowski v. Milyard*, No. 09-cv-01200-ZLW (D. Colo. Oct. 1, 2009). Case number 09-cv-01200-ZLW was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d) and as procedurally barred. Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Sardakowski must apply to the Tenth Circuit Court of Appeals for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Sardakowski does not allege that he has obtained the necessary authorization from the circuit court to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is

in the interest of justice, transfer the matter to the circuit court pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Sardakowski's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Furthermore, given that Mr. Sardakowski's prior habeas corpus application challenging the validity of his conviction and sentence in Adams County District Court case number 04CR3051 was dismissed as barred by the one-year limitation period in § 2244(d), it appears that Mr. Sardakowski's claims challenging the same conviction and sentence in this action are time-barred. It also was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Sardakowski's claims challenging the validity of his conviction and sentence in Adams County District Court case number 04CR3051. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the instant action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 30th day of March, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00441-BNB

James R. Sardakowski
Prisoner No. 133162
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/31/10.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk